IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>CERINA GUTIERREZ,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:17-CR-335 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

It appears that Defendant has exhausted her administrative remedies. However, the Court finds that Defendant has failed to demonstrate extraordinary and compelling reasons to support her request.

The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[2] Relevant here, the Sentencing Commission has stated that a defendant "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" may be considered for a sentence reduction.[3] Additionally, the Sentencing Commission has stated that family circumstances such as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" may constitute an extraordinary and compelling reason for release.[4]

Here, Defendant states that she has asthma, low thyroid, clinical depression, anxiety, and that she has undergone two lung surgeries. Defendant contends that these conditions, in conjunction with the current COVID-19 pandemic, warrant a sentence reduction. The Centers

---

[2] 28 U.S.C. § 944(t).

[3] U.S.S.G. § 1B1.13, Application Note 1(A). While this commentary has not been amended since the passage of the First Step Act, the Tenth Circuit continues to refer to it in deciding motions under § 3582(c). *United States v. Pinson*, ---F. App'x---, 2020 WL 7053771, at *3 n.5 (10th Cir. Dec. 2, 2020) (citing *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020)).

[4] U.S.S.G. § 1B1.13, Application Note 1(C)(i).

for Disease Control and Prevention has stated that people with moderate to severe asthma and people with damaged or scarred lung tissue may be at a higher risk for severe illness from COVID-19.  Unfortunately, the medical records provided by the parties do not provide sufficient information for the Court to determine the severity of Defendant's medical conditions.  While Defendant has reported a history of asthma, it appears that this condition is well managed with medication.  As to her lung condition, the Court lacks sufficient information to determine whether she suffers from a condition that might increase her risk should she contract COVID-19.  Without additional information, the Court cannot conclude that Defendant is more susceptible to contracting COVID-19 or suffering a more serious reaction.  While the Court is sympathetic to Defendant's concerns, she has not demonstrated extraordinary and compelling reasons for her release.

Defendant also references difficulties her children, husband, and mother are facing.  Specifically, her children are struggling to stay focused with their schooling, her husband has had to work overtime to keep the expenses paid, and her mother suffers from health problems.  While these circumstances are admittedly difficult, they are not unique to Defendant and fail to rise to the level of extraordinary and compelling reasons for release.

Even if Defendant could demonstrate extraordinary and compelling reasons, she has failed to show that she is no longer a danger to the community or that her release comports with the factors set out in 18 U.S.C. § 3553(a).  Defendant has a lengthy criminal history and the offense at issue here involved the distribution of a substantial amount of methamphetamine.  These facts demonstrate that release is not appropriate.

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 926) is DENIED.

DATED this 13th day of January 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge